1:15-cr-292 (MAD)

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA :

VS.

PRESTON JAMES :

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 1 5 2015

LAWRENCE K. BAERMAN, CLERK
ALBANY

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL**

The Defendant, through counsel, moves to dismiss the complaint because he has been denied a speedy trial.[1]

**I. PROCEDURAL BACKGROUND**

The following events in 2015 pertain to this motion:

JULY 23 - Defendant is arrested pursuant to federal warrant;

JULY 24 - Initial appearance; criminal complaint alleges offenses on April 29, 2015; Preliminary hearing waived

July 29 - Defendant grants prosecution 30 day extension on 30 day time limit to file indictment or information

**II. Argument**

**A. The Sixth Amendment**

The Sixth Amendment guarantees that in a criminal prosecution, the accused shall enjoy the right to a speedy and public trial. U.S. Const. amend. VI; United States v. Grimmond, 137 F.3d 823,

---

[1] The Defendant has specifically requested this motion be filed, as he believes his speedy trial right has been violated. Counsel must inform the Court, however, that there may be no violation of either the 6th Amendment or Speedy Trial Act.

1

827 (4th Cir. 1998); Doggett v. United States, 505 U.S. 647 (1992); United States v. MacDonald, 456 U.S. 1, 6 (1982). The Sixth Amendment guarantee is "designed to minimize the possibility of lengthy incarceration prior to trial [...] and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." MacDonald, 456 U.S. at 8. The Sixth Amendment protection does not attach before a defendant is either arrested, indicted, or officially accused. Id. at 6.

In Doggett, supra, the Supreme Court held that an 8 ½ year delay from indictment to arrest and trial, violated the Sixth Amendment right. The Doggett Court cited the following four part test: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Id., citing Barker v. Wingo, 407 U.S. 514 (1972). Significantly, the first inquiry is a threshold requirement, because "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." Doggett, Id. at 651-652. If a defendant makes this threshold showing, he must then demonstrate that the four factors weigh in his favor. United States v. Woolfolk, 399 F.3d 590, 595 (4th Cir. 2005), citing, United States v. Thomas, 55 F.3d 144, (4th Cir.1995).

2

In the instant case, the Defendant was arrested on July 23rd, which starts the Sixth Amendment clock. Assuming this trial begins October 15, a total of 82 days will have elapsed. The Defendant has been incarcerated in county jails during this entire period, and he has suffered the prejudice of loss of liberty and the opprobrium of this federal criminal complaint.

The Defendant contends that the 80 day delay is a Sixth Amendment violation of his Constitutional rights. The complaint should be dismissed with prejudice.

### B. The Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., (henceforth, The Act) has distinct limitations regarding the time that can elapse between arrest to indictment and from indictment to trial. Dismissal of the indictment is mandatory when The Act is violated, and dismissal may be with or without prejudice. United States v. Taylor, 487 U.S. 326, 332 (1988).

Section 3161(b) provides that an indictment must be filed within 30 days of arrest. That requirement has not been met in this case.

Secondly, §3161(c)(1) mandates that a defendant be brought to trial within 70 days of either the filing of the indictment or the defendant's first appearance before a judicial officer of the court in which the charge is pending, whichever occurs last. The day of the indictment does not count. United States v. Jurn, 766 F.2d

465, 466 (11th Cir. 1985). The day of arraignment does not count. United States v. Monroe, 833 F.2d 95, 99 (6th Cir.1987). Both indictment and arraignment days are excluded as "delay resulting from other proceedings concerning the defendant...." §3161(h)(1).

Returning to the instant case, the defendant was arrested on July 23, so July 24 is day 1 for the 30 day calculation. From July 24 until October 13, there are a total of 80 days. So, unless at least 22 days can be excluded, the Court must dismiss the complaint, with or without prejudice.

The Act states that if either party files a pretrial motion, the time from filing to ruling is excluded. §3161(h)(1)(F); Henderson v. United States, 476 U.S. 321, 330 1986). Defense counsel Gene Pimomo agreed to an extension of an additional thirty days, pushing the 30 day time limit from August 23 to September 22. No indictment has been filed by the government.

465, 466 (11th Cir. 1985). The day of arraignment does not count. United States v. Monroe, 833 F.2d 95, 99 (6th Cir.1987). Both indictment and arraignment days are excluded as "delay resulting from other proceedings concerning the defendant...." §3161(h)(1).

Returning to the instant case, the defendant was arrested on July 23, so July 24 is day 1 for the 30 day calculation. From July 24 until October 13, there are a total of 80 days. So, unless at least 22 days can be excluded, the Court must dismiss the complaint, with or without prejudice.

The Act states that if either party files a pretrial motion, the time from filing to ruling is excluded. §3161(h)(1)(F); Henderson v. United States, 476 U.S. 321, 330 1986). Defense counsel Gene Pimomo agreed to an extension of an additional thirty days, pushing the 30 day time limit from August 23 to September 22. No indictment has been filed by the government.

4

### III. CONCLUSION

The Defendant moves that the Court dismiss the complaint with prejudice.

Respectfully submitted, October 15, 2015.