Case 1:15-cr-00292-MAD   Document 42   Filed 09/07/16   Page 1 of 12

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
SEP 0 6 2016
LAWRENCE K. BAERMAN, CLERK
ALBANY

August 29, 2016

1:15-cr-292

Judge Mae A. Dagostino

I am writing once again in Regards of my Attorney Freedrick Rench. The last time we were in court we discussed ceartain issues in my case and the communication with my lawyer, well nothing has changed also he spoke with my sister + feels I'm manipulative. With that being said he is very dangerous to me in this matter because he has personal feelings toward me, it is nothing I can manipulate in the D.E.A 6 forms or the 116 forms etc he just does not want to attack these issues. I am also facing a million years for a minor drugsale + he doesn't care about my situation, also the stipulation in the weighing of the Drugs he is not abiding by he gave the prosecutor the consent to send them to the lab without our expert being witness to the transactions which ~~he is~~ breaks (chain of Custody) I don't feel comfortable at this point and I would like him ~~~~ Removed off my case.

Thank you,
Preston Jones

IN THE NORTHERN DISTRICT COURT

OF NORTHEASTERN NEW YORK

**THE UNITED STATES**

**VS**

**PRESTON JAMES**

## MOTION TO REPLACE COURT APPOINTED ATTORNEY FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Now comes the defendant, Preston James, to petition the court to remove assigned counsel and appoint new counsel.

## FACTS AND POINTS OF LAW

1. Defendant's attorney has refused on many occasions to represent petitioner effectively and according to defendant's objectives. Defendant's attorney has unilaterally made all decisions without the freely given, fully informed consent of the defendant.

2. If the Court allows the defendant's court-appointed counsel to withdraw and refuses to appoint another court-appointed attorney to properly represent the defendant in spite of the fact that the defendant is still willing to work with the attorney, the defendant objects that this will be a denial of due process. The problem here is not that the defendant is intractable, but that the attorney is intractable. Defendant's requests have been legal and ethical. This has resulted in a denial of the defendant's right to due process. If counsel is unwilling to do more than merely appear in court, then counsel should not accept the contract to represent defendants and

the court should not allow his appointment in that capacity.

3. The defendant is indigent, and cannot afford to hire an attorney. The Court has prior knowledge of that indigence. ☐

4. The defendant is ignorant of the laws, of the court rules, and of court procedure. If the Court expects the defendant to either represent himself or accept inadequate counsel, it would be a denial of due process. POWELL v. STATE OF ALA., 287 U.S. 45 (1932), GREENE V. MCELROY, 360 U.S. 474. ☐

5. The defendant, by the actions of the court-appointed attorney, has been denied the fundamental right to due process. Defendant's attorney has allowed established procedures which are inconsistent with statute, rule and policy to prevail in this case rather than presenting a vigorous defense, to the detriment of the defendant. Procedure by presumption is always cheaper and easier than individualized determination. But when, as here, the procedure forecloses the determinative issues of competence and care, when it explicitly disdains present realities in deference to past

formalities, it needlessly risks running roughshod over the important interests of both parent and child. It therefore cannot stand." STANLEY V. ILLINOIS 405 U.S. 645. ☐

6. "In its Fourteenth Amendment, our Constitution imposes on the States the standards necessary to ensure that judicial proceedings are fundamentally fair. A wise public policy, however, may require that higher standards be adopted than those minimally tolerable under the Constitution." Ineffective counsel is the same as or even worse than having no counsel. Many errors have been perpetrated by the defendant having been appointed ineffective counsel and by that counsel's refusal to represent the defendant's legal, ethical, and reasonable objectives in this case which has resulted in harm and damage to the defendant's ability to put on an effective defense and gives rise to fundamental unfairness in all proceedings to date. Counsel has represented counsel's wishes to the court, not the defendant's wishes, to the detriment of the defendant.

7. The effect of the court-appointed counsel of failing to fully inform

the defendant of all options available and the associated ramifications by only instructing the defendant to "plead guilty because they're going to convict you anyway", of ignoring the defendant's pleas to take certain actions and instead informing the prosecution of these requested actions, of allowing falsified reports and statements to stand unrebutted, of failing to notify the court of the prosecution's blatant refusal to follow a court order, of conducting NO investigation, of consulting NO experts in the field, and of not acting to insure that the AUSA keep within the guidelines established by the statutes and regulations have established errors so severe as to deprive the defendant of hearings whose results were fair and reliable.

LOCKHART V. FRETWELL. ☐

8. A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord

defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled. ADAMS V. UNITED STATES EX REL. MCCANN, 317 U.S. 269, 275, 276 (1942). Refusal of counsel to subject the evidence to adversarial testing denies the defendant's right to due process and equal access. ☐

9. Counsel has failed and/or refused to conduct any investigation whatsoever in behalf of defendant's defense. Counsel must conduct a 'reasonably substantial investigation. . .' and must include 'an independent examination of the facts, circumstance, pleadings and laws involved.' The court has held that if there is more than one plausible line of defense, counsel should ideally investigate each line substantially before making a strategic choice about which lines to rely on at trial. STRICKLAND (quoting Rummel v. Estell, 590 F.2d 103, 104 CA5 1979). Defendant's counsel never interviewed witnesses, or even the defendant beyond a cursory few instructions to the defendant, never investigated possible biases or previous professional infractions by other parties, and has not researched the

issues surrounding this case. ☐

10. Through the deliberate obstructionism of defendant's court-appointed counsel and the AUSA, the respondent has been denied the substantive and procedural rights to examine evidence and witnesses against him. This cannot be considered sound trial strategy. The court-appointed counsel's assistance was so defective that it falls below an objectionable standard of reasonableness and said deficient performance prejudiced the respondent's defense and deprived the respondent of fair hearings.

11. These arguments are being raised as of the time of the counsel's conduct. STRICKLAND 466 U.S. at 690. ☐

## REMEDIES REQUESTED

12. Defendant requests the court to grant a continuance and instruct court appointed counsel to provide a vigorous defense as required to protect respondent's rights, or; ☐

13. If the court allows counsel to withdraw over the objection of the

defendant to appoint new counsel and grant a continuance. ☐

14. Defendant requests the court to find that counsel has been ineffective to date and to review the procedures and take steps to remedy that defect.

15. Defendant requests that the court compel the AUSA to comply with deadline assigned by this court for the retesting of the alleged evidence in this case. If said evidence is not readily available, defendant requests the court immediately dismiss the indictment with prejudice, as the government has been afforded more than adequate time to collect and retest and has not, to date, complied with the order of this court.

**SIGNED AND DATED**

_Preston James_                                  August, 29, 2016

**Preston James**                                 ●, 2016
                                                  Aug 29



Preston James
4 Bornain St
Troy NY 12180

U.S. DISTRICT COURT
N.D. OF N.Y.
RECEIVED
SEP 0 6 2016
LAWRENCE K. BAERMAN, CLERK
ALBANY

Judge Mae A. D'Agostino
Clerk, U.S District Court
445 Broadway - Room 509
Albany, New York 12207-2936

ALBANY NY 122
01 SEP 2016 PM 1 L

FOREVER USA
Bank Swallow

12207-294899


© USPS 2012


THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT


FSC MIX Paper